The following is the decree of the Appeal Court:

Curia, per

Caldwell, Ch.
The only question which this Court considers material to decide at present, arises out of the circuit decree of 1846: were the expenditures made by the guardian for the ward necessary and expedient ?
The general rule is, that a guardian shall not exceed the annual income of the ward’s estate in expenditures. When he ventures to encroach upon the capital, there must be some emergency to justify it: he ought to make a clear case of its being necessary and expedient to the ward. He is an agent and trustee appointed by the law, in loco parentis, to discharge important duties to the child, and is generally informed of his powers and liabilities ; there is scarcely any guardian but knows that when he is infringing upon the corpus of his ward’s estate, he is acting in direct derogation of an established rule: the whole burden is, then, thrown upon him to show the emergency of the circumstances and the expediency of his expenditures, before the Court can approve of his conduct. Guardians are not to be encouraged in pursuing this irregular and often arbitrary and improper course, which almost invariably leads to litigation, and rarely bestows a benefit upon the ward.
Access to the Court is easy as it is always open, but when its authority is invoked to encroach upon the capital, its powers are exercised with extraordinary caution, and never without the clearest and most satisfactory proof — a doubt would defeat the application. When the guardian takes this high responsibility upon himself, he cannot complain that he must make out, at least, as clear a case for the subsequent sanction of his expenditures, as he would have been required to do on an application for its authority to make them.
The guardian’s accounts extend through a period of more than four years, and the principal items are for board and merchants’s accounts — the last item in the account is for board, $245. Such lumping charges cannot be permitted to pass without scrutiny, and as the evidence does not show under what circumstances the greater part of the expenditures were made, it is impossible to say whether they were reasonable or not; before they can be allowed the proof must establish that they were necessary or expedient for the ward; his peculiar situation, his pursuits, age, ability, and even his expectancies, are circumstances that may have weight to show the reason *34 ableness of extraordinary expenditures. But the evidence t here is insufficient and unsatisfactory, and the case must be sent back for further proof as to the necessity and propriety of the guardian’s charges in his accounts: neither the acknowledgments of the ward, or the admissions of the plaintiff’s counsel, have dispensed with this proof.
The defendant has insisted on the statute of limitations, but he has not pleaded it. Generally parties are permitted to pursue their own course, without directions as to the form in which they should present their claim or defence, where the case is finally disposed of on the pleadings and proof; but as this case is to go back to the Circuit Court, the defendant ought to be permitted to put in such plea, if he sees fit to do so.
It is further ordered and decreed that the circuit decree of 1846 be modified, and the case be .remanded to the Circuit Court, for further proof of the necessity and expediency of the guardian’s expenditures for his ward, and that the defendant have leave to plead the statute of limitations.
Johnston and Dunkin, CC. concurred.
Decree of 1846 modified.